Filed 5/15/24  P. v. Hernandez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE, | C099643 |
| Plaintiff and Respondent, | (Super. Ct. No. 2023-CR0089466) |
| v. | |
| JOSE ALFREDO HERNANDEZ, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jose Alfredo Hernandez filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After independently examining the record, we find no arguable error that would result in a disposition more favorable to defendant and affirm the judgment.

1

BACKGROUND

The information charged defendant with possessing a weapon while in prison. (Pen. Code, § 4502, subd. (a).)[1] It also alleged defendant had a prior serious or violent felony conviction. (§§ 667, subd. (b)-(i) and 1192.7, subd. (c).)

At trial, the custodial officer testified he was conducting a mass cell search at the High Desert State Prison on May 23, 2022. When the officer approached defendant's cell (no. 102), defendant passed his t-shirt and pants through the food port to the officer. The officer found an inmate manufactured weapon inside the pants pocket. It was a flat piece of plastic with a white handle measuring approximately three and three-fourths of an inch long and three-fourths of an inch wide.

Further testimony established defendant was designated to permanent single cell status in 2020. He was the only resident of cell no. 102 for the prior 12 days. Further, defendant's building was on lockdown the entire time he was in cell no. 102. This meant the inmates were predominately secured within their cells with no unrestricted movements and no yard privileges.

Defendant did not testify.

The jury found defendant guilty as charged. Defendant admitted he had a prior strike conviction. The trial court sentenced defendant to one-third the middle term (one year in prison), doubled to two years due to his strike conviction, consecutive to his current prison sentence. The court imposed a $300 restitution fine (§ 1202.4), an equal parole revocation fine (§ 1202.45), a court operations fee of $40 (§ 1465.8), and a conviction assessment fee of $30 (Gov. Code, § 70373).

Defendant filed a timely notice of appeal.

---

[1] Undesignated statutory references are to the Penal Code.

DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

Having examined the record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　　　　Duarte, J.



We concur:




　　/s/
Earl, P. J.




　　/s/
Krause, J.




3